FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 22, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KASSANDRA I. I.,[1]

Plaintiff,

v.

KILOLO KIJAKAZI,
COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

No: 2:20-cv-00447-LRS

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 12, 21. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney Dana C. Madsen. Defendant is represented by Special Assistant United States Attorney Nancy C. Zaragoza. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, Plaintiff's Motion, ECF No. 12, is denied and Defendant's Motion, ECF No. 21, is granted.

---

[1] Plaintiff's last initial is used to protect her privacy.

ORDER - 1

## JURISDICTION

Plaintiff Kassandra I. (Plaintiff), filed for disability insurance benefits (DIB) on February 13, 2018, alleging an onset date of January 18, 2018. Tr. 211-17. Benefits were denied initially, Tr. 104-07, and upon reconsideration, Tr. 109-11. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on April 14, 2020. Tr. 37-65. On April 23, 2020, the ALJ issued an unfavorable decision, Tr. 12-36, and on October 5, 2020, the Appeals Council denied review. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

## BACKGROUND

The facts of the case are set forth in the administrative hearings and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was 30 years old at the time of the hearing. Tr. 42. She went to school through the eleventh grade. Tr. 42. She has work experience as a customer service clerk at a grocery store. Tr. 59-61.

Plaintiff testified she cannot work due to fibromyalgia, fatigue, carpal tunnel syndrome in both hands, neck and back pain, migraines, depression, anxiety, panic attacks, sleep apnea, and hypersomnia. Tr. 43-44. She testified that it is painful to move, and any kind of physical activity is limited due to pain. Tr. 45. When sitting, she has to move constantly to alleviate pain and pressure. Tr. 45. She has pain in her hands and wrists. Tr. 47-48. She has severe low back pain which affects her left hip. Tr. 53. She also has irritable bowel syndrome. Tr. 54. Mentally, it does not

ORDER - 2

take much to trigger a panic attack.  Tr. 49.  She has a lot of anxiety about being in public.  Tr. 49.  She sleeps about 12 hours every day, mostly during the day.  Tr. 52.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*. at 1115

ORDER - 3

(quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from

ORDER - 4

"any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is

not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

### ALJ'S FINDINGS

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity since January 18, 2018, the alleged onset date. Tr. 17. At step two, the ALJ found that Plaintiff has the following severe impairments: fibromyalgia; lumbar degenerative disc disease; left hip trochanteric bursitis; carpal tunnel syndrome;

ORDER - 6

morbid obesity; post-traumatic stress disorder; and major depressive disorder.  Tr. 18.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 18.

The ALJ then found that Plaintiff has the residual functional capacity to perform light work with the following additional limitations:

> she can never crouch, crawl, or climb ladders, ropes or scaffolds; she can occasionally stoop and kneel; she can less than occasionally climb flights of stairs; she can frequently handle and finger objects bilaterally; she should avoid all exposure to unprotected heights; she should avoid occasional exposure to excessive vibration; she is limited to simple, routine, unskilled tasks; she is limited to work involving only simple and occasional changes in the work setting; and she is limited to work involving only occasional and superficial interaction with the public.

Tr. 20.

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work.  Tr. 29.   At step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform such as office helper, office cleaner, and small parts assembler.  Tr. 29-30.  Thus, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from January 18, 2018, through the date of the decision.  Tr. 30.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II of the Social Security Act. ECF No. 12. Plaintiff raises the following issues for review:

1.  Whether the ALJ properly evaluated Plaintiff's symptom testimony; and

2.  Whether the ALJ properly considered the medical opinion evidence. ECF No. 12 at 14-15.

**DISCUSSION**

**A.    Symptom Testimony**

Plaintiff contends the ALJ improperly rejected her symptom claims. ECF No. 12 at 15-19. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

ORDER - 8

rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal

citations and quotations omitted). "General findings are insufficient; rather, the ALJ

must identify what testimony is not credible and what evidence undermines the

claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (1995); *see*

*also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make

a credibility determination with findings sufficiently specific to permit the court to

conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The

clear and convincing [evidence] standard is the most demanding required in Social

Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting

*Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

In assessing a claimant's symptom complaints, the ALJ may consider, *inter*

*alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the

claimant's testimony or between his testimony and his conduct; (3) the claimant's

daily living activities; (4) the claimant's work record; and (5) testimony from

physicians or third parties concerning the nature, severity, and effect of the

claimant's condition. *Thomas*, 278 F.3d at 958-59.

First, the ALJ found that Plaintiff's subjective complaints are not consistent

with the record as a whole. Tr. 22. An ALJ may not discredit a claimant's pain

testimony and deny benefits solely because the degree of pain alleged is not

supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857

(9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v.*

*Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). However, the medical evidence is a

ORDER - 9

relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857. Minimal objective evidence is a factor which may be relied upon in discrediting a claimant's testimony, although it may not be the only factor. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

Physically, the ALJ observed that on the alleged onset date, a physical exam was essentially normal and her fibromyalgia was assessed as stable on medication. Tr. 22, 1252. Electrodiagnostic studies of the bilateral lower extremities were normal in February 2018. Tr. 22, 783. In 2018 and 2019, Plaintiff's physical symptoms were generally well-managed with medication and her fibromyalgia symptoms were stable even during pregnancy. Tr. 23-24 (citing Tr. 1148, 1216, 1355, 1360-63, 1366, 1368). Plaintiff does not challenge the ALJ's findings regarding her physical limitations. ECF No. 12 at 15.

Mentally, the ALJ noted that on the alleged onset date, Plaintiff was found to be alert, cooperative, with normal mood, affect, attention span, and concentration. Tr. 1252. In April 2018, a mental status exam was unremarkable, Tr. 1079, and in June 2018 her medication was working well, she reported better mental clarity and focus, and another unremarkable mental status exam was recorded, Tr. 1220. Tr. 22. Her depression was noted to be stable in August 2018, Tr. 1357, and psychiatric findings were normal during a physical exam in September 2018, Tr. 1389. Tr. 23. In January 2019, although she felt "kind of low and depressed," she felt mentally ready for her pregnancy and mental status findings were unremarkable. Tr. 23, 1395. By March 2019, she was not taking any antidepressant due to her pregnancy,

ORDER - 10

felt like she was managing well, and had excellent support from her husband, family,

and friends.  Tr. 24, 1366.  Her depression was stable and psychiatric findings were

normal.  Tr. 24, 1411.

However, in April 2019, she was having intrusive thoughts and her depression

was "quite severe."  Tr. 24, 1397.  Nonetheless, her mental status findings were

normal.  Tr. 1397.  One month later, after starting Prozac, she reported doing "so

much better," with only some residual depression and intrusive thoughts.  Tr. 24,

1398.  After having her baby in May, in July and August 2019 she was having

intrusive thoughts which were attributed to postpartum depression.  Tr. 24, 1426-27.

Once she started getting more sleep, the intrusive thoughts resolved, Tr. 1428, and

by December she was doing well with no intrusive thoughts, medication was

helping, and her mental symptoms were stable, Tr. 1430.  Tr. 24.

Plaintiff argues the ALJ's finding "ignores" references in the treatment record

to significant anxiety, panic attacks, PTSD, and depression.  ECF No. 12 at 15.  To

the contrary, the ALJ found PTSD and major depressive disorder to be severe

impairments and noted that, "[r]egardless of the diagnostic label attached, the

claimant's psychological symptoms and their effect on her functioning have been

considered together."  Tr. 18.  The ALJ cited findings over the course of the record

demonstrating that while Plaintiff has some mental limitations, they are not as severe

as alleged.  Tr. 22-25.  Furthermore, the ALJ provided for those mental limitations

supported by the record in the RFC.  Tr. 20.  Plaintiff fails to cite any specific

evidence overlooked by the ALJ or identify any specific error made by the ALJ in

ORDER - 11

evaluating the objective evidence.  These findings are supported by substantial evidence.

Second, the ALJ found Plaintiff's statements to her treating providers about improved symptoms vary from her testimony.  Tr. 22.  Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.  *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir.1995).  Furthermore, the effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms.  20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (2011); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (determining that conditions effectively controlled with medication are not disabling for purposes of determining eligibility for benefits); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (recognizing that a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations).  For example, the ALJ noted that contrary to Plaintiff's allegations of out-of-control pain, she reported that hydrocodone controlled her pain.  Tr. 21, 23, 248, 307, 1147.  Although she alleged that her mental state is "all over the place" in a disability report, around the same time she reported to providers that her mental health medications were working well and she noticed better mental clarity and focus.  Tr. 21, 23, 248, 307, 1220.  Plaintiff complained of debilitating fatigue and alleged she was sleeping almost the whole day at times, but also reported that since starting medication she was not oversleeping, was not napping every day, and was able to

function.  Tr. 23, 52, 1220, 1235.  Contrary to allegations of progressive worsening of her conditions, the ALJ observed reports of improvement in fibromyalgia-related pain and improved fatigue.  Tr. 23, 300, 1357.  Plaintiff does not address these inconsistencies and they are supported by substantial evidence.

Third, the ALJ found Plaintiff's activities suggest she is more functional than alleged.  Tr. 24-25.  It is reasonable for an ALJ to consider a claimant's activities which undermine claims of totally disabling pain in assessing a claimant's symptom complaints.  *See Rollins*, 261 F.3d at 857.  However, it is well-established that a claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits.  *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987).  Notwithstanding, if a claimant is able to spend a substantial part of her day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain.  *Fair,* 885 F.2d at 603.  Furthermore, "[e]ven where [Plaintiff's daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."  *Molina*, 674 F.3d at 1113.

The ALJ noted that Plaintiff alleged she spends most of the day sleeping or lying down and that her mother and husband do most of the work of running the household and caring for multiple children, with limited help from Plaintiff.  Tr. 24, 46-57, 273, 319-25.  The ALJ found that based on the medical evidence discussed *supra*, if Plaintiff's activities are as limited as alleged, it would be difficult to

ORDER - 13

1    attribute those limitations to her medical condition as opposed to other reasons.  Tr.

2    24.  The ALJ also found that Plaintiff's reports to medical providers suggests she has

3    been more functional and active than alleged.  Tr. 24.

4         For example, Plaintiff told her psychologist in December 2017 that it would

5    be better to be home with her children rather than work, and in February 2018 she

6    said that she was working less and staying with her children more.  Tr. 1080-81.

7    The ALJ reasonably inferred that meant she was spending more time caring for her

8    children rather than sleeping or lying in bed.  Tr. 24.  The ALJ noted that Plaintiff

9    gave birth during the relevant period and brought the newborn and one of her autistic

10   children to appointments, and that Plaintiff testified her husband works.  Tr. 24, 46-

11   47, 57, 1426-27.  The ALJ found these factors suggest she is the primary caregiver.

12   Tr. 24, 46-47, 57.  Plaintiff also testified that her mother lives with them and home

13   schools the children (ages 11, 10, 6, and 10.5 months), but her mother has had health

14   issues in the past and Plaintiff cared for her.  Tr. 24-25, 50-51, 281.  She told a

15   provider in December 2019 that she was doing laundry for nine people, in contrast to

16   her allegations that her husband and mother do most of the chores.  Tr. 25, 56, 276,

17   325, 1430.  The ALJ also observed that Plaintiff worked part-time for a few months

18   after the alleged onset date with earnings approaching substantial gainful activity,[2]

19

20   _____

21   [2] It was explained by counsel at the hearing that some of these earnings were for
     unused vacation or sick leave rather than wages.  Tr. 40-41.

ORDER - 14

suggesting she was more functional than alleged.  Tr. 25, 223.  The ALJ concluded all of these findings undermine Plaintiff's allegations about the extent of her physical and mental symptoms.  Tr. 25.

Plaintiff's only argument is that the ALJ "ignores" that her husband and mother help take care of the baby.  ECF No. 12 at 17.  However, as discussed *supra*, the ALJ explained the evidence supporting the finding that Plaintiff does more than alleged.  This is a reasonable inference from the record and this is a clear and convincing reason supported by substantial evidence.

## B.    Medical Opinion Evidence

Plaintiff contends the ALJ failed to properly consider the opinions of Samantha Chandler, Ph.D., Ashton Wegeteben, PA-C, Elizabeth Mitchell, Ph.D., ARNP, and Erika Klossner, ARNP.  ECF No. 17-19.

For claims filed on or after March 27, 2017, new regulations changed the framework for evaluation of medical opinion evidence.  *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c.  The regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…"  *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. § 404.1520c(a).  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 404.1520c(a) and (b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings

ORDER - 15

include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. § 404.1520c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. § 404.1520c(b)(2). The ALJ may, but is not required to, explain how other factors were considered. 20 C.F.R. § 404.1520c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. § 404.1520c(b)(3).

*1. Samantha Chandler, Ph.D.*

Dr. Chandler examined Plaintiff and prepared a Psychological Diagnostic Evaluation in July 2018. Tr. 1158-64. She diagnosed posttraumatic stress disorder and major depressive disorder. Tr. 1162. Dr. Chandler opined:

> She was cooperative and persisted in completing the evaluation. She was observed to be attentive and goal-directed during the session. She was able to follow conversation and her speech and expression of thoughts were normal. There is no indication of a formal thought or perceptual disorder. She presented with a restricted affect and mildly

depressed and anxious mood. Current reported information suggests the possibility of her psychological symptoms interfering in her ability to consistently interact appropriately with supervisors, coworkers, and the public. Observations and her MSE performances indicate good executive functioning and a cognitive ability to learn and remember information, sustain concentration and attention for at least a reasonable amount of time, understand complex concepts, and follow three-step instructions. Her ability to consistently access and utilize her cognitive abilities could be affected by her psychological symptoms. Her gait was observed to be normal and no pain behaviors were observed during the session. Her pace of performance was good. Her intellect seems average. Her judgment and insight seem good.

Tr. 1162-63.

The ALJ found Dr. Chandler's opinion to be somewhat persuasive because it is supported by her own unremarkable mental status exam findings and is generally consistent with the record as a whole. Tr. 26-27 (citing Tr. 1079, 1160-61, 1220, 1357, 1366, 1368, 1389, 1395, 1428, 1431). The ALJ accounted for Dr. Chandler's opinion in the RFC by finding Plaintiff is limited to simple, routine, unskilled tasks; work involving only simple and occasional changes in the work setting; and work involving only occasional and superficial interaction with the public. Tr. 20, 27. The ALJ noted, however, that to the extent Dr. Chandler's opinion is equivocal, the opinion is only somewhat persuasive. Tr. 27.

Plaintiff asserts the ALJ's finding "ignores the fact that Dr. Chandler's conclusion was that she would have difficulty consistently accessing or utilizing her cognitive abilities due to her psychological problems." ECF No. 12 (citing Tr. 1162-63). However, Plaintiff overstates Dr. Chandler's opinion, which is that Plaintiff's cognitive abilities "could" be affected by psychological symptoms, not

ORDER - 17

that "she would have difficulty" with her cognitive abilities.  This was not ignored by the ALJ; rather, the ALJ specifically noted this phrase is equivocal and therefore not persuasive.  Tr. 27.  The ALJ is not required to incorporate limitations phrased equivocally into the RFC.  *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 691-92 (9th Cir. 2009); *Glosenger v. Comm'r of Soc. Sec. Admin.*, 2014 WL 1513995 at *6 (D. Or. April 16, 2014 (affirming the ALJ's rejection of limitations prefaced with language such as "might," "may," or "would also likely require").  The ALJ's findings regarding Dr. Chandler's opinion are supported by substantial evidence.

### 2.  Ashton Wegeteben, PA-C

In February 2020, Ashton Wegeteben, PA-C, wrote a letter stating the Plaintiff had been under his care since 2018 and that she has diagnoses of PTSD/anxiety/depression, fibromyalgia/chronic pain, and hypersomnia, and her conditions "cause her to be permanently disabled and make her unable to maintain gainful employment."  Tr. 1417.

The ALJ found the opinion unpersuasive because it opines on the ultimate issue of disability which is reserved to the Commissioner.  Tr. 27.  The regulations indicate that an ALJ will not provide analysis about opinions on issues reserved to the Commissioner because they are inherently neither valuable nor persuasive.  20 C.F.R. § 404.1520b(c).  The ALJ also found Mr. Wegeteben did not provide a function-by-function assessment of Plaintiff's maximum physical abilities, which renders the opinion less valuable.  An ALJ may reject an opinion that does "not

ORDER - 18

show how [the claimant's] symptoms translate into specific functional deficits which preclude work activity." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).  The ALJ also found the opinion is not consistent with the record as a whole, noting specific inconsistencies with citations to the record.  Tr. 28.  Plaintiff does not address these findings with specificity and has not established any error.  ECF No. 12 at 15-20.  The reasons for finding Mr. Wegeteben's opinion unpersuasive are supported by substantial evidence.

### 3. Elizabeth Mitchell, PH.D., ARNP

In March 2020, Dr. Mitchell, Plaintiff's treating psychologist, wrote a letter stating that Plaintiff "does need disability insurance based on her compromised health," noting fibromyalgia, chronic fatigue syndrome, chronic pain condition, and autoimmune disorders were the primary issues, and that her mental health conditions contribute secondarily.  Tr. 1432.  Dr. Mitchell opined, "[h]er chronic-pain condition, in my opinion, prevents her from working gainfully and this chronic-pain condition is disabling." Tr. 1432.

The ALJ found Dr. Mitchell's statements opine on the ultimate issue of disability and are neither inherently valuable nor persuasive.  Tr. 28; *see* 20 C.F.R. § 404.1520b(c).  The ALJ also found that Dr. Mitchell's opinion of disability was based primarily on Plaintiff's physical, not mental, conditions, and Dr. Mitchell did not treat Plaintiff's physical impairments.  Tr. 28; s*ee e.g., Brosnahan v. Barnhart*, 336 F.3d 671, 676 (8th Cir. 2003) (psychologist opinion properly rejected in part because it was based on consideration of physical impairments)*; Buxton v. Halter*,

ORDER - 19

246 F.3d 762, 775 (6th Cir. 2001) (psychologist not qualified to opine regarding disability based on underlying physical conditions). The ALJ thus found the opinion was not well-supported. Tr. 28. The ALJ also found the opinion is not consistent with the record as a whole, noting specific inconsistencies with citations to the record. Tr. 28. Plaintiff does not address these findings with specificity and has not established any error in the ALJ's consideration of Dr. Mitchell's opinion. ECF No. 12 at 15-20. The reasons for finding Dr. Mitchell's opinion unpersuasive are supported by substantial evidence.

   *4. Erika Klossner, LICSW*

   In April 2020, Erika Klossner, LICSW, wrote a letter in support of Plaintiff's claim for disability. Tr. 1436-36. She indicated diagnoses of PTSD, major depressive disorder, and a learning disorder/impairment in reading. Tr. 1435. She described Plaintiff's history and her reported struggles with activities of daily living. Tr. 1435-36. Ms. Klossner recommended that Plaintiff be granted disability benefits, "[d]ue to [Plaintiff's] multiple ongoing physical illnesses as well as her ongoing mental health issues, I feel she is unable to maintain gainful employment now and in the foreseeable future." Tr. 1436.

   The ALJ found Ms. Klossner's statements opine on the ultimate of disability which is reserved to the Commissioner and is inherently neither valuable nor persuasive as opinion evidence. Tr. 28; *see* 20 C.F.R. § 404.1520b(c). The ALJ also observed that Ms. Klossner's opinion was based largely on Plaintiff's physical conditions which she did not treat, and found the opinion was not well supported.

ORDER - 20

Tr. 28.  Plaintiff does not address these findings with specificity and has not established any error in the ALJ's consideration of Ms. Klossner's opinion.  ECF No. 12 at 15-20.  The reasons for finding Ms. Klossner's opinion unpersuasive are supported by substantial evidence.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly,

1. Plaintiff's Motion for Summary Judgment, ECF No. 12, is DENIED.

2. Defendant's Motion for Summary Judgment, ECF No. 21, is GRANTED.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** March 22, 2022.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 21